IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Scott N. Johnson,

       Plaintiff,                       2:10-cv-02280-JAM-KJN

      v.

Kevin M. Cairns, Individually and
d/b/a Dante's on the River;
Nancy C. Cairns, Individually and
d/b/a Dante's on the River,

       Defendants.              <u>ORDER TO SHOW CAUSE</u>
_____/

        This case was referred to the undersigned on February 16, 2011.[1] (Dkt. Nos. 13-14.) Previously, plaintiff Scott N. Johnson and defendants Kevin and Nancy Cairns had stipulated to a 60-day extension of time to file their Joint Status Conference Statement, and Judge Mendez granted the request. (Dkt. No. 10.) However, the parties did not file a joint statement on the extended deadline of January 21, 2011. Plaintiff, an attorney representing himself in this action, filed his own status report on that date. (Dkt. No. 11.) Defendants, who are pro se and proceeding without counsel in this action, did not file a status report on or before

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was referred to the undersigned by an order entered February 16, 2011. (Dkt. No. 13.)

1

January 21, 2011.

On February 24, 2011, this case was before the undersigned for a status (pretrial scheduling) conference.  (Dkt. No. 15.)  Prior to the status conference set for February 24, 2011, plaintiff filed another status report on his own behalf  (Dkt. No. 16.)  A review of the court's docket reflects that defendants did not file a status report prior to that status conference.

At the status conference on February 24, 2011, plaintiff appeared on his own behalf.  No appearance was made on behalf of defendants.  During the status conference, Plaintiff indicated that he filed his own status report because he had not heard back from defendants and was therefore unable to prepare a joint status report.  (Dkt. No. 16.)  At the status conference, the undersigned ordered that a Status (Pretrial Scheduling) Order would be entered despite defendants' failure to appear and despite defendants' failure to file status reports.

Defendants failed to file a status report and failed to appear at the status conference; accordingly, the court hereby issues this order to show cause.  Defendants are ordered to show cause why in writing they should not be sanctioned for failing to comply with these obligations.  See Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Defendants shall show cause, in writing, on or before March 17, 2011, why sanctions should not be imposed upon them for failure to file status reports in compliance with the court's order setting the status conference.

2.   Defendants shall also show cause, in writing, on or before March 17, 2011

1 why sanctions should not be imposed upon them for failure to appear at the status conference that
2 occurred on February 24, 2011.
3           3.     Failure of defendants to comply with this order may result in the
4 imposition of sanctions.
5           IT IS SO ORDERED.
6 DATED: February 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE