IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Scott N. Johnson,

      Plaintiff,                    2:10-cv-02280-JAM-KJN

      v.                             STATUS (PRETRIAL SCHEDULING) ORDER

Kevin M. Cairns, Individually and
d/b/a Dante's on the River;
Nancy C. Cairns, Individually and
d/b/a Dante's on the River,

      Defendants.
_____/

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.[1] FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was referred to the undersigned by an order entered February 16, 2011. (Dkt. No. 13.) Defendants have consented to the jurisdiction of the United States Magistrate Judge. (Dkt. Nos. 6-7.) During the hearing on February 24, 2011, plaintiff indicated that he would consent to the jurisdiction of the United States Magistrate Judge, and would file the requisite document. Therefore, the parties' final pretrial conference and the trial itself will proceed before the undersigned.

1

SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On February 24, 2011, this case was before the undersigned for a status (pretrial scheduling) conference. Plaintiff Scott N. Johnson appeared on his own behalf. No appearance was made on behalf of defendants Kevin and Nancy Cairns. Plaintiff filed a status report, as the parties were unable to prepare a joint status report. (Dkt. No. 16.) Defendants did not file a status report. The court enters the following scheduling order:

NATURE OF CASE

In short, plaintiff filed a complaint for injunctive relief, declaratory relief, statutory damages, and attorney's fees pursuant to Title III of the Americans With Disabilities Act of 1990 and California Civil Code §§ 51 and 52. (Compl., Dkt. No. 1 at 1-3.) Plaintiff claims that due to architectural barriers, he was denied access to a restaurant called Dante's on the River, which plaintiff alleges is a public accommodation owned, operated, or managed by defendants. (Id.)

SERVICE OF PROCESS

Service of process is undisputed, and defendants Kevin and Nancy Cairns have filed an answer to plaintiff's complaint. (Dkt. No. 8.)

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court and upon a showing of good cause.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed and are hereby found to be proper. See 28 U.S.C. §§ 1331, 1367(a), and 1391(b).

MOTION HEARING SCHEDULES

All law and motion, except as to discovery-related matters, shall be *completed* by January 10, 2012. The word "completed" in this context means that all law and motion matters

must be heard by the above date.  Counsel (and/or pro se parties)[2] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

<u>DISCOVERY</u>

If not already completed, initial disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be completed on or before March 24, 2011.

All discovery shall be *completed* by November 1, 2011. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel

---

[2] Any reference to "counsel" in this order includes parties appearing without counsel, otherwise referred to as appearing in propria persona or pro se.

discovery must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules and must be heard not later than October 1, 2011.

EXPERT DISCLOSURES

The parties are to designate in writing and file with the court, and serve upon all other parties, the names of all experts they propose to tender at trial, pursuant to the following schedule: initial expert disclosures shall be made on or before May 20, 2011; rebuttal expert disclosures shall be made on or before June 20, 2011.

An expert witness not appearing on such lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may also be percipient experts, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation. A Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26

expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Federal Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This information is due at the time of designation. Failure to supply the required information may result in the Rule 26 expert being stricken. All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse opinions offered at deposition that differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before United States Magistrate Judge Kendall J. Newman on April 26, 2012, at 10:00 a.m., in Courtroom No. 25. Counsel are cautioned that counsel appearing at the pretrial conference will in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement* not later than fourteen (14) days prior to the pretrial conference. The joint pretrial statement shall conform with the requirements of Local Rule 281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issues. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED

FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise *issues* that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.[3] The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

Pursuant to Local Rule 281(b), the parties are required to provide with their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall *not* be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order. Plaintiff's exhibits shall be listed numerically; defendants' exhibits shall be listed alphabetically. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be viewed as an abuse of the court's processes.

Counsel (and pro se parties) are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in: (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts that should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence. The parties must prepare their joint pretrial statement and participate in good faith at the pretrial conference with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding

---

[3] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

6

proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

Neither party has demanded a jury trial in this case.  A bench trial is set to commence before Magistrate Judge Newman on June 11, 2012, at 9:00 a.m., in Courtroom No. 25.  The court anticipates that the trial will take approximately three days.

SETTLEMENT CONFERENCE & VOLUNTARY DISPUTE RESOLUTION PROGRAM

Plaintiff's status report indicates that defendant believes an early settlement conference might be helpful.  Once the parties believe that a settlement conference would be beneficial, they shall file with the court a written stipulation to participate in a proposed settlement conference.  The parties shall conduct any settlement conference before a magistrate judge other than the undersigned.  The parties shall file settlement conference statements drafted in conformity with Local Rule 270 no later than fourteen days before any settlement conference.

Although plaintiff's status report states that plaintiff will consent to the participation in the court's Voluntary Dispute Resolution Program ("VDRP"), that program is unavailable unless defendants are represented by an attorney.  See E. Dist. Local Rule 271(a)(2).  Defendants are proceeding pro se and, accordingly, no referral to VDRP may be made at this time.

MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b)(4), this order shall not be modified except by leave of court upon a showing of good cause.  Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates.  Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

////

////

////

Agreement by the parties pursuant to stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

IT IS SO ORDERED.

DATED: February 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE