IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                2:10-cv-02280-JAM-KJN PS

      v.

KEVIN M. CAIRNS, INDIVIDUALLY AND
D/B/A DANTE'S ON THE RIVER;
NANCY C. CAIRNS, INDIVIDUALLY AND
D/B/A DANTE'S ON THE RIVER,

      Defendants.             ORDER

_____/

      On February 24, 2011, this case came before the undersigned for a status (pretrial scheduling) conference. (Dkt. No. 15.)[1] Prior to that status conference, plaintiff Scott N. Johnson filed a status report on his own behalf. (Dkt. No. 16.) Defendants Kevin and Nancy Cairns (the "defendants"), proceeding without counsel in this action, neither filed a status report nor appeared at the status conference and accordingly, the undersigned issued an Order to Show Cause on February 24, 2011. (Dkt. No. 18.)

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was referred to the undersigned by an order entered February 16, 2011. (Dkt. Nos. 13-14.)

1      On March 16, 2011, the defendants filed a timely response to the Order to Show
2 Cause. (Dkt. No. 20.) Therein, defendants apologized for their failure to attend the status
3 conference. They revealed a misunderstanding that the action was "over" because their bank
4 teller had informed them that Mr. Johnson was not allowed to proceed with further lawsuits.
5 (Id.) This explains, but does not excuse, defendants' failure to appear at the status conference. It
6 neither explains nor excuses defendants' prior failure to file a status report.

7      Defendants may not rely on passing suggestions by their acquaintances indicating
8 that defendants might lack the obligation to fully defend themselves in the pending action. To
9 the contrary, defendants are obligated to comply with the Federal Rules of Civil Procedure and
10 the Eastern District Local Rules until the court informs them otherwise. Even though they are
11 not represented by an attorney, defendants are obligated to fully comply with the Federal Rules of
12 Civil Procedure and the Eastern District Local Rules. See Local Rule 110 ("Failure of counsel or
13 of a party to comply with these Rules or with any order of the Court may be grounds for
14 imposition by the Court of any and all sanctions authorized by statute or Rule or within the
15 inherent power of the Court."); Local Rule 183(a) ("Any individual representing himself or
16 herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these
17 Rules, and all other applicable law."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se
18 litigants must follow the same rules of procedure that govern other litigants.").

19      Notwithstanding the foregoing, because defendants are proceeding without
20 counsel and may not have fully understood their obligations as defendants in this action, the
21 undersigned discharges the Order to Show Cause and will not sanction defendants at this time.
22 However, their future failure to abide by the Federal Rules of Civil Procedure and the Eastern
23 District Local Rules may subject defendants to sanctions, including possibly entry of default
24 judgment against them. See e.g., Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831
25 (9th Cir. 1986) (per curiam) ("District courts have inherent power to control their dockets. In the
26

1  exercise of that power they may impose sanctions including, where appropriate, default or
2  dismissal.").
3         For the reasons stated above, IT IS HEREBY ORDERED that:
4         1.    The Order to Show Cause (Dkt. No. 18) is discharged.
5         IT IS SO ORDERED.
6  DATED: April 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE